Argued and submitted October 9, reversed and remanded November 21, 2012

In the Matter of I. J. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

T. L. R.,
A. G. J., D. R., J. R., and L. M.,
*Respondents,*

*v.*

I. J. R.,
*Appellant.*

Washington County Circuit Court J100087;
Petition Number 01J100087;
A151367

292 P3d 566

Megan L. Jacquot argued the cause and filed the brief for appellant.

Cecil A. Reniche-Smith, Assistant Attorney General, argued the cause for respondent Department of Human Services. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

James N. Westwood argued the cause for respondent L. M. With him on the brief were Lynn M. Travis and Stoel Rives LLP.

No appearance for respondent T. L. R.

No appearance for respondent A. G. J.

No appearance for respondents D. R. and J. R.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

In this unusual juvenile dependency case, child I. J. R. appeals in the wake of her parents' relinquishment of their parental rights; the juvenile court's dismissal of child's commitment to DHS custody; and the court's appointment of child's grandparents, her long-term caregivers and intervenors in the case, as her guardians under ORS 419B.366. DHS was going to remove child from grandparents and place her with the foster family that cared for her half-brother, with the intention that the family would adopt both children, but the court concluded that a durable guardianship with grandparents was in child's best interests.

Child appeals (1) a permanency judgment dismissing her commitment to DHS custody and appointing grandparents as guardians, and (2) the juvenile court's order denying child's motion to hold a hearing and to enter findings of fact as to grandparents' guardianship. Child's court appointed special advocate (CASA) disagreed with child's initial position on appeal, contending that the juvenile court correctly concluded that guardianship with grandparents was best for child. Since oral argument, child has changed her position and now agrees that it is in her best interest to remain with grandparents. She has withdrawn her first four assignments of error concerning DHS's custody and her eighth assignment concerning a hearing and findings as to the guardianship. The CASA has no objection.[1] Thus, we address child's three remaining assignments concerning the guardianship and visitation with her half-brother.

In her fifth assignment, child contends that the juvenile court's appointment of grandparents as guardians is defective because the court failed to follow the necessary statutory procedures to establish a guardianship, as required by ORS 419B.366. The CASA concedes that the juvenile court did not follow the necessary statutory procedures in ORS 419B.366(1) through (4) and that the matter should be remanded so that the juvenile court can properly establish and, as noted below, formalize the guardianship. We agree that the court erred and accept the CASA's concession.

---

[1] DHS did not appeal the permanency judgment.

In her sixth assignment, child contends that the trial court erred in failing to issue letters of guardianship pursuant to ORS 419B.367. In her answering brief, the CASA contended that issuance of letters of guardianship pursuant to ORS 419B.367 should be left to the discretion of the juvenile court, but she now concedes that we should remand to allow the juvenile court to issue letters of guardianship. We agree with child's and the CASA's positions that the court should issue letters of guardianship to grandparents. *See* ORS 419B.367(1) ("Upon granting a motion for guardianship under ORS 419B.366 * * * the court shall issue letters of guardianship to the guardian.").

In her seventh assignment, child contends that the juvenile court erred in refusing to order visitation with her half-brother and that preservation of that relationship is important. The CASA now concedes that the juvenile court's denial of child's request for visitation was in error and requests that we remand for entry of an order for visitation between child and her half-brother. We agree and accept the CASA's concession.

Reversed and remanded.